UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**FILED**
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ MAY 13 2011 ★

BROOKLYN OFFICE

**ORIGINAL**

-------------------------------------------------------------------------X

NAQUAWNA BETHEA

                                Plaintiff,

                -against-

THE CITY OF NEW YORK; NEW YORK CITY POLICE
DEPARTMENT; DEPUTY INSPECTOR
SAMUEL WRIGHT; LIEUTENANT CATHY BOYKIN;
SERGEANT MICHELLE WILLIAMS; SERGEANT BERTHA
TORRES; COMMAND SERGEANT GREG GREEN; in their
Individual and Professional Capacities;

                              Defendants.

**Complaint**

**Jury Trial Demanded**

**CV 11 - 2347**

**JOHNSON,**
**AZRACK, M.J.**

-------------------------------------------------------------------------X

The Plaintiff NAQUAWNA BETHEA, by her attorneys, Cronin & Byczek, LLP,

and for her complaint against Defendants', respectfully sets forth and alleges that:

## INTRODUCTION

1.      This is an action for equitable relief and money damages on behalf of the

Plaintiff , NAQUAWNA BETHEA  (hereinafter referred to as "Plaintiff") who was, and who is

prospectively being deprived of her civil and state constitutional rights as a result of the Defendants'

acts of discrimination based upon her, gender and in retaliation for engaging in protected activity. In

addition plaintiff has been subjected to sexual harassment and a hostile work environment created,

condoned and tolerated by defendants.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 18 U.S.C. § 1965, 28 U.S.C.

§§ 1331, 1343 and 2202 to secure protection of and to redress deprivation of rights secured by the First Amendment freedom of speech and by the equal protection and due process clauses of the Fourteenth Amendment of the United States Constitution and provisions against sex discrimination and retaliation in employment based upon Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §1981, 42 U.S.C. §1983,  42 U.S.C. §1985, along with applicable provisions of the New York State Constitution, New York State Executive Law and New York City Human Rights Law.

    a. Title VII of the Civil Rights Act of 1964 (hereinafter referred to as "Title VII") providing for injunctive and other relief against discrimination in employment on the basis of race, color, and gender;

    b. the Civil Rights Act of 1866, 42 U.S.C. § 1981, providing for the protection of all person's right to make and enforce contracts under the color of state law; and

    c. the Civil Rights Act of 1871, 42 U.S.C. § 1983, providing for the protection of all persons in their civil rights and the redress of deprivation of rights under color of law.

3.    The unlawful employment practices, violations of plaintiff's civil rights and tortuous acts complained of herein were committed within the Eastern and Southern Districts of New York.

4.    The pendent jurisdiction of the federal district court is invoked with respect to the plaintiff's claims under New York State Executive Law § 296 and New York City Administrative Code § 8-502, pursuant to 28 U.S.C. 1367, because the entire action before the court comprises one constitutional and civil rights case, and the claims arise out of the same common nucleus of

facts and are such that the plaintiff would ordinarily be expected to try them in one judicial proceeding. Additionally, the pendent jurisdiction of the Federal District Court is invoked with respect to Plaintiff's claims under the New York State Law which protects against unlawful assault and battery.

**PLAINTIFF**

5.      Plaintiff is an African American female citizen of the United States of America and is over twenty-one (21) years of age, a resident of Kings County, New York and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD"). For the purposes of this litigation, defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

**DEFENDANTS**

6.      Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times was plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the State of New York.

7.      Defendant CITY is an employer within the definitions contained in 42 U.S.C. § 2000(e), employing more than fifteen (15) employees, and is engaged in an industry affecting commerce.

8.      Defendants Samuel Wright as Deputy Inspector, 73rd Precinct, Cathy Boykin, Lieutenant, 73rd Precinct, Michelle Williams as Sergeant, 73rd Precinct, Bertha Torres, Sergeant, 73rd Precinct, Greg Green, Sergeant, 73rd Precinct, in their individual and professional capacities.

9.      Upon information and belief Sergeant Michelle Williams is a lesbian.

## PROCEDURAL REQUIREMENTS

10.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

11.     Plaintiff is not required to exhaust any administrative procedures prior to suit under the Civil Rights Act of 1866, the Civil Rights Act of 1871 or the United States Constitution.

12.     On or about September 22, 2010, plaintiff sought assistance from the United States Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

13.     On or about February 10, 2011 plaintiff received a Dismissal and Notice of Right to Sue from the United States Department of Justice.

## BACKGROUND

14.     Plaintiff has been employed as a New York City Police Officer since January 20, 2007.

15.     During the relevant time-period all parties were assigned to the 73rd Precinct.

16.     In September 2009 defendant Michelle Williams was transferred to the 73rd Precinct where plaintiff was assigned. Almost immediately upon her arrival defendant Michelle Williams subjected plaintiff to repeated sexual harassment and a hostile work environment which included but was not limited to: being accused by Michelle Williams of making sexual comments in reference to her; being referred to inappropriately as "sexy", repeated comments to the effect that Michelle Williams was going to "get" plaintiff and " I'm gonna get you open", "you'll be so open, you're gonna mess around and get me jammed up", "watch I'm gonna have you so turned out that you will always be looking for me".

17.     On numerous occasions between September 2009 and November 2009

defendant Michelle Williams would seek out plaintiff for no purpose other than her sexual interest in plaintiff.

18.      On or about October 2009 defendant Michelle Williams openly stated to plaintiff that "she will turn me out" (a term used towards someone that's not gay but will be "turned" gay by another gay person). In response to plaintiff's objection that she was not gay and couldn't be turned gay, defendant Michelle Williams replied that she's "turning bitches out in NYPD left and right".

19.      On or about October 2009 defendant Michelle Williams stated to plaintiff that she wanted to have a three way sexual encounter with plaintiff and her driver, Officer Kendra Douglas. In response, plaintiff objected and told Williams that she was getting out of hand with the things she was saying to her and she had better not say anything like that to her again. Plaintiff then walked away from Williams.

20.      On or about October 2009 defendant Michelle Williams interrupted a conversation plaintiff was having with another officer to ask plaintiff personal questions about clothing she was going to wear to a dinner dance. Plaintiff complained that Williams should leave her along and that she was not interested in her. In front of this officer defendant Williams stated that she was going to turn plaintiff out because she was good at what she does. The other officer present asked plaintiff if she heard Williams' remarks and then repeated them to plaintiff.

21.      Between October 2009 and November 2009 defendant Michelle Williams sexually propositioned plaintiff numerous other times. Plaintiff repeatedly objected by telling Williams she was not gay, not interested in her, expressed how tired and offended she was by her conduct. In response to these objections, defendant Michelle Williams made comments, such as: "yea that's what they all say until I'm eating your pussy so well".

22.    Plaintiff tried to deal with this inappropriate conduct by expressing her objections directly to defendant Williams and/or trying to ignore her to no avail.

23.    On or about October 2009 after plaintiff had expressed her objections to Williams many times about the inappropriate comments and/or had ignored her defendant Williams told plaintiff that because her advances were rejected plaintiff was not a team player and should "stop playing" and that plaintiff owed her some play. Defendant Williams then made a comment to plaintiff to the effect, "I don't know why you won't give me not play because, I hear you're like a bridge everybody runs through you". These comments were made in the presence of another police employee. Plaintiff made her objections quite clear to defendant Williams and told defendant Williams never to talk to her like that again, that Williams did know her and not to speak to her unless it was job related.

24.    Plaintiff then ceased all communications with defendant Williams and ignored her totally which resulted in angering Williams. Williams then engaged in acts of retaliation against plaintiff because plaintiff refused her advances and ignored her. These actions, included but were not limited to: openly stating to co-workers that plaintiff was "bi-polar", calling attention to plaintiff for no reason during roll call, falsely accusing plaintiff of having problems and attitudes and threatening Plaintiff by telling plaintiff to "watch herself", while simultaneously making sexual facial expressions at plaintiff.

25.    On November 16, 2009 an incident ensued between plaintiff and defendant Williams in which defendant Williams became so enraged that she physically assaulted plaintiff, committing an assault and battery upon plaintiff. Other officers present at the scene intervened to protect plaintiff from defendant Williams by separating them and holding Williams back. But Defendant Bertha Torres, instead of protecting plaintiff, physically assaulted plaintiff by

grabbing her wrists, shaking her and yelling in her face.

26.    Upon information and belief, shortly after the conclusion of the incident defendant Lieutenant Mary C. Boykin, 73rd Precinct Integrity Control Officer, who was present at the Command was made aware of only some of the details of the incident.

27.    Lieutenant Boykin began a preliminary investigation of the incident by conducting brief interviews of plaintiff, defendant Williams and witnesses. During the interview plaintiff complained to Lieutenant Boykin about the sexual harassment, hostile work environment and retaliation by defendant Williams and her objections, which Plaintiff believed were the underlying reasons for the incident between her and Williams. Plaintiff complained to Lt. Boykin in no uncertain terms that she was being discriminated against, harassed and subjected to a hostile work environment.

28.    As per the provisions of the NYPD patrol guide Lieutenant Boykin was under a duty to report plaintiff's complaints of sexual harassment, hostile work environment and retaliation to the NYPD Office of Equal Employment. By failing to do so Lieutenant Boykin condoned and tolerated the actions of defendant Williams.

29.    On the night of the incident all parties involved were subjected to an official department interview (GO15) by Brooklyn North Investigations. During plaintiff's interview conducted by superior officer she again complained about defendant Williams' inappropriate sexual harassment, the hostile work environment and the retaliation. The investigators from Brooklyn North informed plaintiff that an EEO complaint would be made.

30.    Shortly thereafter on November 16, 2009 defendant Deputy Inspector Samuel Wright informed plaintiff that she was being suspended. Defendant Williams was not suspended.

31.    Plaintiff alleges that she was suspended by defendants in retaliation for making her complaints against defendant Williams known to Lieutenant Boykin and to the investigators from Brooklyn North.

32.    Upon information and belief Sgt. Williams is the "life partner" of Lieutenant Lola Diggs ironically a Superior Officer assigned to the NYPD Equal Employment Opportunity Office.

33.    When plaintiff inquired of defendant Deputy Inspector Samuel Wright why only she was being disciplined and not defendant Williams, even though witnesses gave GO15 statements to the effect that they saw Williams assault plaintiff, defendant Wright did not have a response.

34.    Defendant Sergeant Greg Green was present during the above referenced discussion with defendant Wright wherein Plaintiff informed them both of the sexual harassment, hostile work environment and acts of retaliation by defendant Williams against her and requested that he file a complaint report. Defendant Green denied her request. As per the provisions of the NYPD patrol guide Sergeant Green was under a duty to report plaintiff's complaints of sexual harassment, hostile work environment and retaliation to the NYPD Office of Equal Employment. By refusing to do so Sergeant condoned and tolerated the actions of defendant Williams.

35.    Plaintiff alleges that defendant Green's refusal to file a complaint report is an act of retaliation for making her complaints against defendant Williams to the investigators from Brooklyn North Investigations.

36.    On December 16, 2009 plaintiff was placed on modified assignment and administratively transferred to the 90th Precinct. As a result of the involuntary and punitive

transfer, the terms and conditions of plaintiff's employment were affected in the following ways: loss of overtime, loss of income which resulted in an inability to pay her phone bill and which resulted in a command discipline while at the 90th Precinct for failing to update her telephone information; change of tour and assignments from inside day administrative assignment and steady tours to midnight tours.

37.     Even after the transfer to the 90th Precinct plaintiff is still being subjected to retaliation by defendants, including but not limited to: complaints about plaintiff being in the 73rd Precinct, attempts to restrict plaintiff from the premises of the 73rd Precinct by defendant Lieutenant Boykin and imposing a restriction only upon plaintiff that when she entered the precinct she must use the "log book". Plaintiff alleges that the 73rd Precinct does not even have a "log book".

38.     Defendant Boykin retaliated against plaintiff by calling plaintiff's new command and informing them that plaintiff was not permitted in the command without signing a log book because she was a "visitor".   Upon information and belief, Plaintiff is the only officer on modified assignment to be referred to as a "visitor".

39.     Defendant Boykin further retaliated against plaintiff by making plaintiff the subject of a Sergeant's weekly staff meeting, at which time she informed the sergeants present that plaintiff was not allowed in the command without her direct approval, that plaintiff had to sign the: "log book" because she was a guest in the precinct and that her locker was going to be removed.

40.     On or about January 7, 2010 Plaintiff was informed by her union delegate Richard Silverman that defendants at the 73rd Precinct could not remove her locker from the precinct nor could she be banned from the command because she was still officially assigned to

the 73rd Precinct and only temporarily assigned to the 90th Precinct.

41.    Upon information and belief plaintiff alleges that the following individuals who were similarly situated to Plaintiff are not "banned" from the 73rd Precinct, do not have to sign in a "log book" and still have lockers at the 73rd Precinct: Police Officer Cabrera, and Daniel Carr (modified in other commands), Police Officer Laquana Archer (maintained a locker in 73rd while on borough assignment), Lieutenant Rafferty (retired), Police Officer Shynell Hines (transferred to another command).

42.    On or about December 16, 2010 plaintiff was advised that she would get charges and specifications for wearing a duplicate shield. Plaintiff alleges that the practice of NYPD Officers obtaining a duplicate shield to leave on the uniform is virtually universal. Upon information and belief, this common practice does not result in formal discipline but rather a "warn and admonish" if anything and that Plaintiff was only subjected to discipline for retaliatory reasons.

43.    Plaintiff was informed that she would be issued charges and specifications for the incident with defendant Williams for "conduct unbecoming" for allegedly complaining to Williams that Williams was "spitting in her f------ face" and making a statement that was a threat to Williams. To date, plaintiff has not received any formal charges and specifications for any reason and is still on modified assignment. Plaintiff alleges that the failure to timely adjudicate her "charges" and keeping her on modified duty are retaliation for complaining about defendant Williams.

44.    Upon information and belief  defendants knew or should have known that defendant Williams had a history of engaging in similar sexual harassment and retaliatory conduct and therefore failed to protect plaintiff. Upon information and belief defendant Williams had

10

prior complaints against her for similar conduct.

45.    Upon information and belief at the time of the incident defendant Williams was a probationary sergeant for approximately 1 ½ months and despite the complaints made by plaintiff was promoted to sergeant.

46.    While on modified assignment and as a direct result of the discriminatory and retaliatory actions of defendants plaintiff has suffered such severe emotional distress that she has had to be hospitalized for chest pains and stress, and was diagnosed with abnormal EKG's.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I

### GENDER DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

47.    Plaintiff re-alleges paragraphs 1 through 46 and incorporates them by reference as paragraphs 1 through 46 of Count I of this Complaint.

48.    Plaintiff alleges that defendants through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

49.    As part of its pattern and practice of employment discrimination, defendants through its agents treated plaintiff in a manner indicative of gender discrimination.

50.    Defendants knew or should have known about the gender discrimination in the workplace.

51.    Defendants failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

52.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

53.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT II

### SEXUAL HARASSMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

54.    Plaintiff re-alleges paragraphs 1 through 53 and incorporates them by reference as paragraphs 1 through 53 of Count I of this Complaint.

55.    Plaintiff alleges that defendants through its agents engaged in a pattern and practice of sexual harassment against her with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. § 2000e-2.

56.    As part of its pattern and practice of employment discrimination, defendants through its agents subjected plaintiff to sexual harassment and failed to take corrective action.

57.    Defendants knew or should have known about the sexual harassment in the workplace.

58.    Defendants failed and refused to take appropriate action to end the sexual harassment to which plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

59.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

60.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT III

### RETALIATION IN VIOLATION OF
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

61.    Plaintiff re-alleges paragraphs 1 through 60 and incorporates them by reference as paragraphs 1 through 60 of Count I of this Complaint.

62.    Plaintiff alleges that defendants through its agents engaged in retaliation against plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. §2000e-3(a

63.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

64.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT IV

### HOSTILE WORK ENVIRONMENT IN VIOLATION
### OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

65.    Plaintiff re-alleges paragraphs 1 through 64 and incorporates them by reference as paragraphs 1 through 64 of Count I of this Complaint.

66.    Plaintiff alleges that defendants through its agents created and condoned a hostile work environment against plaintiff in violation of 42 U.S.C. §2000e-3(a.

67.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

68.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT V

## GENDER DISCRIMINATION IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

69.     Plaintiff re-alleges paragraphs 1 through 68 and incorporates them by reference as paragraphs 1 through 65 of Count I of this Complaint.

70.     Plaintiff alleges that defendants through its agents engaged in a pattern and practice of discrimination against her with respect to the terms, conditions and privileges of employment because of the plaintiff's gender in violation of 42 U.S.C. 1983.

71.     As part of its pattern and practice of employment discrimination, defendants through its agents treated plaintiff in a manner indicative of gender discrimination, with respect to its failure to take corrective action.

72.     Defendants knew or should have known about the gender discrimination in the workplace.

73.     Defendants failed and refused to take appropriate action to end the discriminatory treatment and conditions which plaintiff was subjected to, which was clearly motivated by gender in a clear demonstration of bad faith.

74.     That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

75.     As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT VI

### SEXUAL HARASSMENT IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

76.    Plaintiff re-alleges paragraphs 1 through 75 and incorporates them by reference as paragraphs 1 through 72 of Count I of this Complaint.

77.    Plaintiff alleges that defendants through its agents engaged in a pattern and practice of sexual harassment because of the plaintiff's gender in violation of 42 U.S.C. 1983.

78.    As part of its pattern and practice of employment discrimination, defendants through its agents treated plaintiff in a manner indicative of gender discrimination, with respect to its failure to take corrective action.

79.    Defendants knew or should have known about the gender discrimination in the workplace.

80.    Defendants failed and refused to take appropriate action to end the sexual harassment to which plaintiff was subjected, which was clearly motivated by gender in a clear demonstration of bad faith.

81.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

82.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

### COUNT VII

### RETALIATION IN VIOLATION OF THE
### CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

83.    Plaintiff re-alleges paragraphs 1 through 82 and incorporates them by

reference as paragraphs 1 through 79 of Count I of this Complaint.

84.      Plaintiff alleges that defendants through its agents engaged in retaliation against plaintiff as a result of her complaining about the discriminatory treatment in violation of 42 U.S.C. 1983.

85.      That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

86.      As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT VIII

### HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

87.      Plaintiff re-alleges paragraphs 1 through 86 and incorporates them by reference as paragraphs 1 through 83 of Count I of this Complaint.

88.      Plaintiff alleges that defendants through its agents created and condoned a hostile work environment against plaintiff in violation of 42 U.S.C. 1983.

89.      That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

90.      As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT IX

### UNFAIR DISCIPLINE IN VIOLATION OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

91.      Plaintiff re-alleges paragraphs 1 through 90 and incorporates them by reference as

16

paragraphs 1 through 87 of Count I of this Complaint.

92.    Plaintiff alleges that defendants through its agents unfairly disciplined plaintiff and denied her equal protections of the law in violation of 42 U.S.C. 1983.

93.    That as a result of the discriminatory acts of defendants through its agents, plaintiff suffered emotional distress.

94.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT X

### ABUSE OF AUTHORITY
### IN VIOLATION
### OF THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. §1983

95.    Plaintiff re-alleges paragraphs 1 through 94 and incorporates them by reference as paragraphs 1 through 91 of Count I of this Complaint.

96.    Plaintiff alleges that defendants through its agents abused their authority in discriminating against plaintiff and unfairly disciplining plaintiff in violation of 42 U.S.C. 1983.

97.    That as a result of the defendants' abuse of authority plaintiff suffered emotional distress.

98.    As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT XI

### UNEQUAL PROTECTION AND DENIAL OF DUE PROCESS UNDER 42 USC §1983
### AGAINST ALL INDIVIDUAL DEFENDANTS

99.    Plaintiff re-alleges paragraphs 1 through 98 and incorporates them by reference as

paragraphs 1 through 91 of Count I of this Complaint.

100. The individual Defendants have embarked on a course of conduct that deprived Plaintiff of her rights under the United States Constitution, federal and state law.

101. The facts and circumstances cited above with reference to the Constitution and other civil rights violations suffered by Plaintiff are examples of Defendants' violations of Plaintiff's civil rights.

102. The actions of Defendants, acting under color of state and local law, custom and usage, have deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, and in particular, of her rights to due process under the 14th Amendment.

103. By these actions, Defendants have jointly and separately deprived Plaintiff of her rights under the 14th Amendment to the United States Constitution, in violation of 42 USC §1983.

104. As a result of the acts of defendants under color of law, plaintiff suffered emotional distress, humiliation and embarrassment legal and related expenses.

## COUNT XII

### GENDER DISCRIMINATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 290 et seq.

105. Plaintiff re-alleges Paragraphs 1 through 104 and incorporates them by reference as Paragraphs 1 through 95 of Count I of this Complaint.

106. New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

107.    Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

108.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## COUNT XIII

### SEXUAL HARRASSMENT
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 290 et seq.

109.    Plaintiff re-alleges Paragraphs 1 through 108 and incorporates them by reference as Paragraphs 1 through 100 of Count I of this Complaint.

110.    New York State Executive Law § 290 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

111.    Based upon the foregoing, Defendants' tolerated and condoned the sexually harassment of plaintiff.

112.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of sexual orientation discrimination and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## COUNT XIV

### RETALIATION
### IN VIOLATION OF
### NEW YORK STATE EXECUTIVE LAW § 290 et seq.

113.    Plaintiff re-alleges Paragraphs 1 through 112 and incorporates them by reference as Paragraphs 1 through 104 of Count I of this Complaint.

19

114. New York State Executive Law § 290 et seq., makes it unlawful to retaliate e against any individual in the terms, conditions, or privileges of employment for engaging in protected activity, i.e. for complaining about discrimination.

115. Based upon the foregoing, Defendants' unlawfully retaliated against Plaintiff for complaining about the unlawful employment practices to which she has been subjected.

116. As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of retaliation and great humiliation loss of career opportunity, income and related benefits, emotional distress.

**COUNT XV**

**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 290 et sq.**

117. Plaintiff re-alleges Paragraphs 1 through 116 and incorporates them by reference as Paragraphs 1 through 108 of Count I of this Complaint.

118. New York State Executive Law § 290 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender. The law also makes it unlawful to create a severe and hostile environment where retaliation is encouraged, tolerated and condoned.

119. As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of a hostile work environment and great humiliation loss of career opportunity, income and related benefits, emotional distress.

120. As a further and proximate result of these unlawful employment practices, Plaintiff has suffered emotional distress, mental anguish, severe disruption of her personal life and her professional life, and loss of enjoyment in the ordinary pleasures of life.

## COUNT XVI

### GENDER DISCRIMINATION IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

121.     Plaintiff re-alleges Paragraphs 1 through 120 and incorporates them by reference as Paragraphs 1 through 112 of Count I of this Complaint.

122.     The New York City Administrative Code §8-101 et seq., makes it unlawful to discriminate against any individual in the terms, conditions, or privileges of employment on the basis of gender.

123.     Based upon the foregoing, Defendants' discriminated against the Plaintiff based upon her gender.

124.     As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of gender discrimination and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

### COUNT XVII

### SEXUAL HARRASSMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

125.     Plaintiff re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 116 of Count I of this Complaint.

126.     New York City Administrative Code §8-10 et seq., makes it unlawful to sexually harass any individual in the terms, conditions, or privileges of employment.

127.     Based upon the foregoing, Defendants' sexually harassed plaintiff.

128.     As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of sexual harassment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## COUNT XVII

### RETALIATION
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

121.    Plaintiff re-alleges Paragraphs 1 through 120 and incorporates them by reference as Paragraphs 1 through 120 of Count I of this Complaint.

122.    New York City Administrative Code §8-10 et seq., makes it unlawful to retaliate against any individual based upon complaints concerning the terms, conditions, or privileges of employment on the basis of sexual orientation, gender and race.

123.    Based upon the foregoing, Defendants' retaliated against the Plaintiff based upon her engagement in protected activity, in that plaintiff complained about the discriminatory treatment.

124.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of sexual harassment, gender discrimination, hostile work environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

## COUNT XVIII

### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINISTRATIVE CODE §8-101 et seq.

125.    Plaintiff re-alleges Paragraphs 1 through 124 and incorporates them by reference as Paragraphs 1 through 124 of Count I of this Complaint.

126.    New York State Executive Law § 290 et seq., makes it unlawful to create and/or condone a hostile working environment.

127.    Based upon the foregoing, Defendants' created, tolerated and condoned a hostile working environment.

128.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of a hostile working environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.

COUNT XIX

CIVIL ASSAULT AND BATTERY<br>UNDER NEW YORK STATE LAW

129.    Plaintiff re-alleges Paragraphs 1 through 128 and incorporates them by reference as Paragraphs 1 through 128 of Count I of this Complaint.

130.    New York State Law make it unlawful to commit assault and battery upon another person.

131.    Based upon the foregoing, Defendants Williams and Torres committed assault and battery upon plaintiff.

132.    As a direct and proximate result of the unlawful assaults and batteries committed upon plaintiff has suffered great humiliation, loss of career opportunity, income and related benefits, emotional distress.

COUNT XX

INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

133.    Plaintiff re-alleges Paragraphs 1 through 132 and incorporates them by reference as Paragraphs 1 through 132 of Count I of this Complaint.

134.    New York State law make it unlawful to intentionally inflict emotional distress upon another person.

135.    Based upon the foregoing, Defendants' intentionally inflicted emotional

23

distress upon plaintiff.

136.    As a direct and proximate result of the unlawful employment practices of Defendants' Plaintiff has suffered the indignity of a hostile working environment and great humiliation, loss of career opportunity, income and related benefits, emotional distress.


## PRAYER FOR RELIEF

**Wherefore,** Plaintiff demands compensatory and punitive damages from these Defendants' jointly and severally, in an amount to be determined at trial, plus any and all available statutory remedies, both legal and equitable, and interests and costs.


Dated: Lake Success, New York
      May 13, 2011

                    Yours etc,
                    Cronin & Byczek, LLP

                    LINDA M. CRONIN (LC7066)
                    Attorneys for Plaintiff
                    1983 Marcus Ave, Suite C-120
                    Lake Success, New York 11042
                    (516) 358-1700

, 1/09)

**U.S. Equal Employment Opportunity Commission**

## Dismissal and Notice of Rights

| To:  Naquawna Bethea<br>360 Snediker Avenue<br>Apartment 3H<br>Brooklyn, NY 11207 | From:  **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|

| ☐ | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2010-03638 | **Electra Yourke,**<br>**Enforcement Manager** | **(212) 336-3751** |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

☐  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for any violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

*Elizabeth Grossman*                                    02/10/2011

Enclosures(s)

**Elizabeth Grossman,**                                (Date Mailed)
**Acting District Director**

cc:

| Lesa Moore<br>Agency Attorney<br>New York Police Department<br>One Police Plaza, Room 1406<br>New York, NY 10038 | Eric Sanders, Esq.<br>Jeffrey L. Goldberg, P.C.<br>2001 Marcus Avenue, Suite S160<br>Lake Success, NY 11042 |
|---|---|