UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NAQUAWNA BETHEA,

                            Plaintiff,

                                                            11 CV 2347 (SJ) (JMA)

            -against-                                       MEMORANDUM &
                                                            ORDER


THE CITY OF NEW YORK, et al.,

                            Defendants.
--------------------------------------------------------X
A P P E A R A N C E S

CRONIN & BYCZEK LLP
1983 Marcus Avenue, Suite C-120
Lake Success, NY 11042
By:     Linda M. Cronin
*Attorney for Plaintiff*

THE QUINN LAW FIRM
399 Knollwood Road, Suite 220
White Plains, NY 10603
914-997-0555
By: Anthony DiFiore
*Attorney for Defendant Michelle Williams*

BRUNO VINCENT GIOFFRE , JR.
399 Knollwood Road, Suite 220
White Plains, NY 10603
*Attorney for Defendant Michelle Williams*

CITY OF NEW YORK LAW DEPARTMENT
100 Church Street
New York, NY 10007
By:     Cindy E. Switzer
        John S. Schowengerdt
*Attorneys for Defendants City of New York,*
*Deputy Inspector Samuel Wright, Lieutenant*

*Cathy Boykin, Sergeant Bertha Torres,*
*Command Sergeant Greg Green*

**JOHNSON, Senior District Judge:**

On May 13, 2011, Plaintiff Naquawna Bethea ("Plaintiff" or "Bethea") commenced this action against the City of New York, New York City Police Department, Inspector Samuel Wright, Lieutenant Cathy Boykin, Sergeant Bertha Torres, Sergeant Greg Green and Sergeant Michelle Williams (collectively "Defendants"), pursuant to Title VII of the Civil Right Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"), 42 U.S.C. § 1981, 42 U.S.C. § 1983 ("Section 1983"), 42 U.S.C. § 1985, and related state laws. Specifically, Plaintiff brings against Defendants claims for hostile work environment, sexual harassment, gender discrimination, retaliation, abuse of authority, unfair discipline, and denial of due process and equal protection. Plaintiff filed an amended complaint ("Complaint") with the Court on November 13, 2012. (See Dkt. No. 27.) Defendants move for dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons discussed herein, Defendant's motion is GRANTED in part and DENIED in part.

## I. Background Information

The following facts are stated as alleged in the Amended Complaint. Plaintiff was appointed as a Police Officer in the New York City Police Department, where she is currently employed, on January 20, 2007. In September 2009, Sergeant Williams was transferred to the 73rd Precinct, where Plaintiff was assigned. Plaintiff

alleges that almost immediately after Sergeant Williams' arrival, Sergeant Williams began to subject Plaintiff to repeated sexual harassment. (See Am. Compl. at ¶ 16.)

Plaintiff alleges that Sergeant Williams made sexually explicit statements and invitations to Plaintiff and indicated sexual interest in Plaintiff publicly and repeatedly, despite Plaintiff's expressions of disinterest and requests that Defendant Williams refrain from further comments along these lines.  (See id. at ¶¶ 16–23.) Plaintiff alleges that from September, 2009 until November 2009, Sergeant Williams frequently expressed sexual interest in her, publicly, in the workplace, and in this period, expressed the expectation that she was owed sexual favors.  (See id.)

Among other things, Plaintiff alleges that Sergeant Williams referred to Plaintiff as "sexy," threatened to "turn" Plaintiff "out," to "get" Plaintiff, and to "open" her up.  (See id. at ¶ 16).  Allegedly, Sergeant Williams expressed the desire to engage in a simultaneous sexual encounter with Plaintiff and her driver, Officer Kendra Douglas, (see id. at ¶ 19).  On a separate occasion, Defendant Williams allegedly followed questions about Plaintiff's intended outfit for an evening event with witnessed statements touting her own sexual prowess and stating her intent to have sexual relations with Plaintiff.  (See id. at ¶ 20.)  Despite Plaintiff's repeated rejections and requests to cease the harassing behavior, Sergeant Williams continued and escalated the harassing behaviors toward Plaintiff.  (See id. at ¶¶ 18–19, 21, 23.) Plaintiff alleges that Sergeant Williams, undeterred by Plaintiff's objections, continued to  proposition her and state her intent to "turn" Plaintiff gay, claiming in response to Plaintiff's rebuffs that she had been "turning bitches out in NYPD left

and right," and "that's what they all say until I'm eating your pussy."  (See id. at ¶¶ 18, 21.)

Thereafter, over Plaintiff's objections, Sergeant Williams informed Plaintiff in front of another NYPD employee that Plaintiff owed her sexual favors, accusing Plaintiff of not being a team player and telling Plaintiff to "stop playing" and stating to Plaintiff, "I don't know why you won't give me no play." Williams also told Plaintiff, "I hear you're like a bridge.  Everyone runs through you."  (See Am. Complaint at ¶ 23.)  Plaintiff alleges that Sergeant Williams eventually became angry at Plaintiff for resisting her sexual advances and began publicly (and erroneously) labeling Plaintiff as "bi-polar," singling Plaintiff out for attention and ridicule at roll call, making lewd gestures at Plaintiff, and threatening Plaintiff.  (See id. at ¶ 24.)

On November 16, 2009, Sergeant Williams allegedly flew into a rage and assaulted Plaintiff.  Plaintiff alleges that Sergeant Bertha Torres intervened, grabbing, shaking, and yelling at Plaintiff in the process. (See id. at ¶ 25.) Thereafter, Lieutenant Boykin began a preliminary investigation into the incident. (See id. at ¶¶ 26)  Plaintiff alleges that when she complained of the sexual harassment and retaliation she experienced at the hands of Sergeant Williams, Lieutenant Boykin failed to report Plaintiff's complaint.  (See id. at ¶¶ 26–28.)

Plaintiff alleges that, following the alleged assault, she and the other parties to the incident were subjected to a formal investigation by Brooklyn North Investigations, and that during her interview, she again repeated her harassment complaints about Sergeant Williams.  Immediately thereafter, on the same day,

Deputy Inspector Wright informed Plaintiff she was suspended. (See id. at ¶ 30.) Sergeant Williams was not suspended. (See id. at ¶ 30.) Plaintiff alleges her suspension was in retaliation for complaining about Sergeant Williams. (See id. at ¶¶ 31.)

Plaintiff also alleges that she inquired of Deputy Inspector Wright, in the presence of Sergeant Green, why she was being disciplined when Sergeant Williams was not being disciplined, and received no answer. She states she complained again of the alleged sexual harassment and retaliation, and requested that Sergeant Green file a complaint on her behalf, but that Sergeant Green refused to file the requested complaint as a further act of retaliation against Plaintiff for complaining about Sergeant Williams. (See Am. Complaint at ¶¶ 33–35.)

In addition, Plaintiff states she was assured by the Investigations Unit that an internal Equal Employment Opportunity ("EEO") complaint would be made on her behalf. (See id. at ¶ 29.) Sergeant Williams has a domestic partner, according to Plaintiff, who is a superior officer assigned to the internal EEO Office where Plaintiff's hostile work environment/harassment complaint should have landed and Plaintiff implies there is a connection to the inaction or retaliation she faced in trying to raise her claims internally. (See id. at ¶¶ 32.)

Plaintiff further alleges that on December 16, 2009, she was placed on modified assignment and administratively transferred to the 90th Precinct in an act of retaliation. (See id. at ¶ 36.) While working at the 90th Precinct through December 16, 2010, Plaintiff states she has been subjected to continued punishments and

reprimands, all in retaliation against her for complaining against Sergeant Williams. (See id. at ¶¶ 36–43.)  Plaintiff alleges that Defendants knew or should have known that Sergeant Williams had a department-wide reputation for sexually harassing employees and that other complainants had previously filed complaints against her. (See id. at ¶ 44.)  Plaintiff states the NYPD ignores complaints made by subordinate officers as a matter of policy.  (See id.).  She further alleges that while the Office of Equal Employment (EEO) determined that Sergeant Williams had sexually harassed Plaintiff, the Office never contacted Plaintiff and Sergeant Williams has remained in her position without having been disciplined.  See id. at ¶¶ 44–45.  Plaintiff states that she remains on modified assignment and that she has suffered emotional and physical distress requiring medical attention, financial damage, and damage to her career.  See id. at ¶¶ 36, 43, 46.

In filing their motion to dismiss, Defendants submit that: Plaintiff failed to bring her suit in a timely fashion; that Plaintiff's Title VII allegations stemming from occurrences before November 20, 2009 are time-barred; that Plaintiff may not bring Section 1983 claims in combination with her Title VII claims; and that Plaintiff has failed to state a claim for any of her federal claims.

## II. Discussion

### A. Plaintiff's Title VII Claims Were Timely Presented to EEO and Timely Filed With This Court

#### 1. Plaintiff Timely Filed Her Title VII Claims

A plaintiff has ninety (90) days to file a complaint under Title VII, the Americans with Disabilities Act, or the Age Discrimination in Employment Act, upon receipt of a Notice of a Right to Sue from the Equal Employment Opportunity Commission ("EEOC").  See 42 U.S.C. § 2000e-5(f)(1); see also Baldwin Cty Welcome Ctr. v. Brown, 466 U.S. 147, 149 (1984) ("within 90 days after the issuance of a right-to-sue letter 'a civil action may be brought against the respondent named in the charge.'") (internal citations omitted).  Plaintiff commenced this action on May 13, 2011, eighty-eight (88) days after receiving her Notice of a Right to Sue on February 14, 2011.  Defendants assert that the Plaintiff received the right to sue letter on February 10, 2011; however, this is actually the date that letter, incorporated by reference into the Complaint, was dated and mailed.  (See Exhibit A to the Declaration of Linda M. Cronin).  Therefore, Plaintiff's complaint was timely filed.

2.    *Plaintiff's Title VII Claims are Not Time-Barred*

A plaintiff alleging Title VII employment discrimination has three hundred (300) days from the occurrence of a discriminatory act to file a charge of discrimination with the EEOC.  See 42 U.S.C. §2000e5(e)(1); see also Elmenayer v. ABF Freight Sys., 318 F.3d 130 (2d Cir. 2003) ("[a] Title VII claim is time-barred if the plaintiff, after filing a charge with an appropriate state or local agency, does not file a charge with the EEOC within 300 days after the 'alleged unlawful employment practice.'").  Defendants submit that Plaintiff's Title VII claims for alleged incidents occurring prior to November 20, 2009 are time-barred on the basis that over 300 days had passed between the last day Plaintiff worked at the 73rd Precinct, on or

about December 16, 2009 and September 22, 2010, the date on which Plaintiff allegedly filed a complaint with the EEOC.

Plaintiff alleges that the discrimination she faced was not limited to her time at the 73rd Precinct, and that she continued, at least up until the date of the filing her Complaint, to experience discrimination after she was transferred to the 90th Precinct on December 16, 2009. After December 16, 2009 and through December 16, 2010, Plaintiff continued to receive reprimands and punishments at the 90th Precinct, which she alleges were retaliation from the NYPD for complaining about Sergeant Williams' alleged sexual harassment.

Such allegations, taken as true at this stage, make out a claim of department-wide pattern and policy of discrimination against Plaintiff on the part of Plaintiff's employer, the NYPD. Under the continuing violation theory, where a defendant has engaged in continuous discrimination creating a hostile work environment, acts committed in furtherance of that policy and pattern of discrimination are not discrete, but must instead be viewed as part of Plaintiff's entire claim. Where a Title VII hostile work environment claim has been filed no later than 300 days after the occurrence of the last act of discrimination, the Plaintiff may recover from the earlier acts of discrimination, even if they would otherwise be time-barred, as such acts comprised the Defendant's pattern and policy of discrimination. See Petrosino v. Bell Atlantic, 385 F.3d 210 (2d Cir. 2004) ('in the case of a hostile work environment claim, the statute of limitations requires that only one sexually harassing act demonstrating the challenged work environment occur within 300 days

of filing; once that is shown, a court and jury may consider "the entire time period of the hostile environment" in determining liability.")

In the present case, Plaintiff has alleged the occurrence of at least one discriminatory act in furtherance of Defendants' alleged ongoing policy of discrimination less than 300 days before she filed a complaint with the EEOC. The Court notes, further, that Plaintiff's allegations of retaliation and sexual harassment are intertwined and related so as to demonstrate evidence of a singular policy on the part of the NYPD of condoning and tolerating sexual harassment of female employees, and condoning and effectuating retaliation against female employees who resist and/or complain about the harassment. Accordingly, she is eligible to recover for all alleged acts of discrimination by Defendants under the continuous violation exception. The Court will consider the alleged acts occurring before and after November 20, 2009 in its evaluation of Plaintiff's Title VII claims.

**B. *Plaintiff is Not Precluded from Bringing Title VII Claims in Combination with Section 1983 Claims***

Defendants submit that Plaintiff is precluded from bringing her Section 1983 claims, as her claims allege violations of rights exclusively protected by Title VII. This is not the case. A plaintiff may bring claims pursuant to Section 1983 along with Title VII claims so long as the Section 1983 claims allege violations not exclusively covered by Title VII. See Saulpaugh v. Monroe Comm'ty Hosp., F.3d 134, 143 (2d Cir. 1993) ("a plaintiff can assert a claim under Section 1983 if some law other than Title VII is the source of the right alleged to have been denied.").

Plaintiff's Section 1983 claims, as discussed _infra_, are based upon the rights guaranteed her by the First and Fourteenth Amendments. While Title VII does not allow for individual liability, Section 1983 does. The Supreme Court has held that "[t]he clear inference is that Title VII was designed to supplement rather than supplant, existing laws and institutions relating to employment discrimination." Alexander v. Gardner-Denver Co., 415 U.S. 36, 48-49 (1974). Accordingly, Plaintiff's Section 1983 claims are not precluded.

### C. The Legal Standard for 12(b)(6) Failure to State a Claim

When considering a 12(b)(6) motion to dismiss, the Court must determine whether or not a claim is legally sufficient. See Goldman v. Belden, 754 F.2d 1059, 1067 (2d Cir. 1985). It is well settled that, in order to survive a §12(b) motion to dismiss, a Plaintiff must allege sufficient factual matter to state a claim that can plausibly give rise to entitlement to relief. See Morgan v. Cty. of Nassau, 720 F. Supp. 2d 229, 234 (E.D.N.Y. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not legally sufficient to withstand a 12(b)(6) motion. Iqbal, 556 U.S. at 678. Plaintiff must offer "enough facts to state a claim to relief that is plausible on its face." Id. (quoting Bell Atlantic v. Twombly, 550 U.S. 544, 570 (2007)). However, the Plaintiff need not set forth a multitude of facts to survive a motion to dismiss; rather, a "short and plain statement of the claim showing that the pleader is entitled to relief" will suffice. Fed. R. Civ. P. 8(a)(2). The Court must accept all of the allegations in the complaint as true, and construe all reasonable

inferences in favor of the plaintiff.  See Connell v. Signoracci, 153 F.3d 74(2d Cir. 1998).  In cases involving public employers, complaints alleging civil rights violations should not be dismissed pursuant to Rule 12(b)(6) unless they are, facially, "without resort to extraneous matter, so plainly insubstantial as to be devoid of any merits and thus not presenting any issue worthy of adjudication."  Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981).

### D.  *Plaintiff's Title VII Claims*

1.  *Plaintiff Articulated a Plausible Cause of Action for Sexual Harassment Pursuant to Title VII*

Title VII prohibits both quid pro quo sexual harassment and hostile work environment sexual harassment.  See Meritor Sav. Bank, FSB v. Vinson, 477 U.S. 57, 65 (1986).  The Plaintiff claims Defendants' alleged sexual harassment created a hostile work environment.  In order to establish a prima facie case of sexual harassment based upon a "hostile work environment," a plaintiff must demonstrate: (1) that she is a member of a protected group; (2) that she was the subject of unwelcome advances; (3) that the harassment was based upon her sex; and (4) that the harassment affected a term, condition or privilege of employment.  See Cosgrove v. Sears, Roebuck & Co., 9 F.3d 1033, 1042 (2d Cir. 1993).

In addition, in the context of hostile environment claims, employer liability for an employee's harassing conduct requires a demonstration of (1) vicarious liability for the actions of the harassing employee, or (2) employer negligence in

allowing the hostile work environment to persist. <u>Vance v. Ball State University</u>, 133 S.Ct. 2434, 2452 (2013). Where the harassment occurs at the hands of a co-worker, the standard is employer negligence, *i.e.,* that the employer knew or should have known about the harassment and failed to take corrective action, in permitting the harassing conduct to endure. <u>See id.</u> at 2451. Where an employee is harassed by a supervisor, an employer may be vicariously liable for the creation and persistence of a hostile work environment. <u>See</u> <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775 (1998).

In order to trigger an employer's vicarious liability for the actions of its supervisory employees, the hostile work environment must result from actions of a supervisor with the power to take tangible employment action against the employee claiming harassment. <u>See</u> <u>Vance</u>, 133 S.Ct. at 2439. A 'tangible employment action' involves a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits." <u>Burlington Industries, Inc. v. Ellerth</u>, 524 U.S. 742, 761 (1998).

Plaintiff has pled with specificity Sergeant Williams' numerous alleged demands for sexual favors from Plaintiff in her Amended Complaint. Plaintiff alleges that Sergeant Williams: (a) repeatedly expressed a desire to commence a sexual relationship, over Plaintiff's repeated objections; (b) targeted Plaintiff for ongoing, public sexual demands and derision; (c) repeatedly taunted, threatened, and publicly humiliated Plaintiff at work due to Plaintiff's refusal to engage in a sexual

relationship with her; and (d) physically attacked Plaintiff while on duty and in the command precinct house because Plaintiff refused her sexual advances. (See Compl. ¶¶ 16-23). This Circuit has held that even a single incident of harassment may give rise to a hostile work environment. See Cruz v. Coach Stores, Inc., 202 F.3d 560, 570 (2d Cir. 2000). Thus, under Title VII, Plaintiff has adequately articulated a cause of action for hostile work environment due to sexual harassment against Defendants. Defendants' motion to dismiss as to Plaintiff's Title VII sexual harassment (Count II) and hostile work environment (Count IV) claims is DENIED.

> 2. *Plaintiff Has Failed To State A Separate Claim for Gender Discrimination Pursuant to Title VII*

Plaintiff alleges that Defendants subjected her to discrimination with respect to the terms, conditions, and privileges of her employment on the basis of her gender in violation of Title VII in Count I of her Complaint. (See Compl. at ¶¶ 47–53.). However, aside from her sexual harassment claim, Count II of her Complaint, Plaintiff does not plead any separate gender discrimination claims outside of her adequately pled sexual harassment claims with any level of specificity. Sexual harassment is a type of gender discrimination, see Meritor, 477 U.S. at 64 ("Without question, when a supervisor sexually harasses a subordinate because of the subordinate's sex, that supervisor discriminate[s] on the basis of sex.").

In order to survive Defendant's motion to dismiss, Plaintiff must plead a separate and distinct prima facie case for gender discrimination. See e.g., McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). At no place in the

Complaint does Plaintiff demonstrate that any specific action or inaction, separate from the alleged sexual harassment, related to the material terms of her employment on the part of Defendants occurred on account of Plaintiff's gender, and "the *sine qua non* of a gender-based discriminatory action claim under Title VII is that the discrimination must be because of sex." Patane v. Clark, 508 F.3d 106, 112 (2d Cir. 2007) (emphasis in original). That Plaintiff has successfully pled her sexual harassment allegations pursuant to Title VII does not imply successful pleading of a separate gender discrimination claim. As Plaintiff has stated, no facts in support of her separate and additional claim of gender discrimination, the Court cannot allow the claim to survive the motion to dismiss stage. Accordingly, Defendant's motion to dismiss Plaintiff's Title VII gender discrimination claim is GRANTED.

      3.    *Plaintiff Has Successfully Pled a Cause of Action for Retaliation Pursuant to Title VII*

Plaintiff alleges that Defendants retaliated against her, in violation of Title VII, for complaining about the sexual harassment she allegedly suffered at the hands of Sergeant Williams. Title VII forbids employers from "'discriminat[ing] against' an employee or job applicant because that individual 'opposed any practice' made unlawful by Title VII or 'made a charge, testified, assisted, or participated in' a Title VII proceeding or investigation." Burlington Northern & Santa Fe Ry. v. White, 548 U.S. 53, 56 (2006) (citing 42 U.S.C. § 2000e-3(a). In order for this claim to survive Defendants' 12(b)(6) motion, Plaintiff must show that (1) she engaged in protected activity; (2) suffered an adverse employment action; and that (3) a causal link exists

between the protected activity and the adverse action.  See Summer v. United States Postal Service, 899 F.2d 203, 208–09 (2d Cir. 1990).  The plaintiff "must show that a reasonable employee would have found the [alleged retaliatory] action materially adverse," or serious enough to have "'dissuaded a reasonable worker from making or supporting a charge of discrimination.'" Burlington, 548 U.S. at 68 (U.S. 2006).

In addition, as set forth in Vance, harassment and the retaliation at the hands of a supervisor empowered to take tangible employment actions will trigger an employer's vicarious liability, but an employer is also liable where it has negligently allowed harassment or retaliation to occur or persist.  Vance, 133 S.Ct. at 2453. In such cases, "[e]vidence that an employer did not monitor the workplace, failed to respond to complaints, failed to provide a system for registering complaints, or effectively discouraged complaints from being filed would be relevant." Vance, 133 S.Ct. at 2453.

Plaintiff's Complaint alleges Sergeant Williams harassed Plaintiff in retaliation against Plaintiff, in direct response to Plaintiff's refusal to engage in a sexual relationship with Sergeant Williams.  In response to Plaintiff's objections to Sergeant Williams' request for a sexual relationship, Sergeant Williams allegedly began to berate and disparage Plaintiff in front of her colleagues and physically assaulted Plaintiff on November 16, 2009.  See Compl. at ¶¶ 24–25.

According to Plaintiff's Complaint, on the same day, Plaintiff complained to Lieutenant Boykin and to a superior officer from Brooklyn North Investigations

about the alleged sexual harassment, hostile work environment and retaliation.  <u>See</u> <u>id.</u> at ¶ 28.  Directly thereafter, Plaintiff was suspended.  Plaintiff further inquired as to why she was being suspended—particularly as Sergeant Williams was not penalized for allegedly assaulting Plaintiff—and requested that Sergeant Green file a complaint report on her behalf.  Sergeant Green allegedly failed to so file.  <u>See</u> <u>id.</u> at ¶¶ 30–34.  On December 16, 2009, Plaintiff was further punished by being placed on modified assignment and administratively transferred to the 90th Precinct.  Plaintiff alleges that this transfer resulted in the loss of overtime, change of tour and assignments (from steady tours and inside administrative assignment to rotating night tours), loss of income, and that the loss of income prevented her from paying her phone bill—which resulted in further discipline from the 90th Precinct for failure to update her telephone information.  <u>See</u> <u>id.</u> at 36.  Plaintiff further alleges the retaliation continued, even until the time of filing, in a manner obstructing upward career mobility and affecting her income.  <u>See</u> <u>id.</u> at 37–43.

Unlike the situation in <u>Vance</u>, 133 S.Ct. at 2440, Plaintiff alleges that Defendants, including those defendants with clear supervisory authority within the meaning of <u>Vance</u>, made no efforts to remediate the hostile work environment and harassing conduct.  In fact, Plaintiff alleges Defendants actually impeded her ability to report or complain about the misconduct and were complicit in subsequent, tangible job actions against her, including but not limited to her suspension and transfer from the 73rd Precinct.  Discovery may clarify whether, as Plaintiff alleges, prior sexual harassment or hostile work environment claims exist against Sergeant

Williams or other Defendants for similar, prior conduct, and whether Defendants knew or should have known about the harassment and failed to prevent or remediate the situation.

Plaintiff's factual allegations, accepted as true, make a compelling <u>prima facie</u> case of retaliation and these claims should proceed to discovery. Clearly, a reasonable employee would consider suspension, transfer, and constructive demotion as tangible and adverse employment actions. Defendants' motion to dismiss Plaintiff's Title VII retaliation claim is DENIED.

### E. *Plaintiff's Section 1983 Claims*

It appears that Plaintiff intends to plead violations of her First Amendment right to protected speech and her Fourteenth Amendment rights to due process and equal protection, in connection with her Section 1983 claims, based upon Count XI of the Complaint. See Compl. at ¶¶ 2, 99–104.

1.    *The § 1983 Standard of Review*

In order to state a claim for relief under § 1983, Plaintiff "must allege that (1) the challenged conduct was attributable at least in part to a person acting under color of state law, and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States." <u>Snider v. Dylag</u>, 188 F.3d 51, 53 (2d Cir. 1999). Therefore, a plaintiff seeking to plead under § 1983 must offer factual information demonstrating that he or she was actually deprived of a constitutional right in order

to survive a Rule 12(b)(6) motion to dismiss.  See <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974) (holding that "the issue is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims").  If the Plaintiff cannot offer factual matter to demonstrate a constitutional deprivation, dismissal of the action pursuant to § 12(b)(6) is appropriate.

2. *Plaintiff Fails to State a Claim for Gender Discrimination Pursuant to Section 1983*

In order to successfully state a claim for gender discrimination pursuant to Section 1983, Plaintiff must demonstrate that Defendants intentionally discriminated against her, under the color of law, on account of her gender and in violation of the Fourteenth Amendment.  As discussed, <u>supra</u>, Plaintiff has set forth no factual allegations in support of any claim for gender discrimination that is separate from her <u>quid</u> <u>pro</u> <u>quo</u> and hostile environment sexual harassment claims.  Accordingly, Defendants' motion to dismiss that claim is GRANTED.

3. *Plaintiff Successfully States a Claim for Sexual Harassment Pursuant to Section 1983*

As discussed, <u>supra</u>, Plaintiff sets forth detailed allegations in support of her sexual harassment claims.  Plaintiff further alleges that Sergeant Williams publicly targeted Plaintiff, seeking to engage in a sexual relationship with Plaintiff or looking to condition her workplace comfort and job satisfaction on Plaintiff's agreement to Defendant Williams' sexual demands.

Plaintiff has set forth detailed allegations, which, accepted as true, demonstrate that Sergeant Williams intentionally subjected Plaintiff to sexual harassment in violation of the Fourteenth Amendment, while acting under the color of law.  See Snider, 188 F.3d at 53.  Plaintiff sets forth in her Complaint that Sergeant Williams, an employee of the NYPD, allegedly made repeated demands of Plaintiff for a sexual relationship along with numerous other sexually suggestive and accusatory comments regarding Plaintiff, in the workplace.  Plaintiff also suggests that other officers, employees, or supervisors witnessed, endorsed, or furthered the harassing behavior attributed to Defendant Williams.  Plaintiff therefore adequately alleges that she was targeted for sexual harassment on account of her sex, gender, and sexual orientation.

Whether Defendant Williams, or any defendant, actually acted as Plaintiff's supervisor within the meaning of Vance, 133 S.Ct. 2434, or whether Plaintiff's employer knew or should have known of the misconduct alleged are matters requiring discovery and, possibly, trial.  Defendant's motion to dismiss this claim is DENIED.

4.     *Plaintiff Successfully States a Claim for Retaliation Pursuant to Section 1983.*

Plaintiff successfully pleads a prima facie case for retaliation under Title VII.  See supra.  However, to successfully plead retaliation pursuant to Section 1983, Plaintiff must demonstrate that Defendants retaliated against Plaintiff while acting under the color of law, and based upon Plaintiff's protected status.

In the Complaint, and as discussed, supra, Plaintiff sets forth detailed allegations of how she was punished by Defendants for refusing Sergeant Williams' sexual demands, and how she was further punished for exercising her First Amendment right to complain to her superiors regarding Sergeant Williams' alleged sexual harassment. Defendants allegedly punished Plaintiff, a police officer, at work, as her superior officers and supervisors, thereby meeting the state actor and color of law standards for a Section 1983 claim. Defendants' motion to dismiss this claim is DENIED.

     5.     *Plaintiff's Claims for Unfair Discipline, Abuse of Authority, and Denial of Due Process and Equal Protection.*

Plaintiff's allegation of unfair discipline, abuse of authority and denial of due process and equal protection appear to be based on the retaliation Plaintiff claims to have suffered. Further, Plaintiff's allegations of denial of due process and equal protection also appear to be based upon her allegations that Defendants violated her Fourteenth Amendment rights. See Compl. at ¶¶ 99-104. Although these allegations are not fully developed in Plaintiff's complaint, adequate allegations exist for these claims to proceed to discovery. Defendants' motion to dismiss these claims is DENIED.

## F. *Plaintiff's State and City Law Claims.*

Plaintiff pleads state and city law claims which track her federal claims of harassment, gender discrimination, hostile environment, and retaliation. See Compl.

at ¶¶105-136. This Circuit, and its district courts, has held that identical standards apply to state law discrimination and harassment claims and to claims brought under Title VII. See, e.g., Hyek v. Field Support Servs., Inc., 461 Fed. Appx. 59, 60 (2d Cir. 2012) (claims brought under New York State Human Rights Law analytically identical to Title VII claims); Torres v. Pisano, 116 F.3d 625, 629 n. 1 (2d Cir. 1997) (same); Sethi v. Narod, 2014 WL 1343069 at n. 3 (E.D.N.Y. April 02, 2014).

If anything, at this stage and particularly with respect to Plaintiff's city law claims under New York City's Human Rights Law, Defendants face a higher hurdle at the motion to dismiss stage. See Mihalik v. Credit Agricole Cheuvreux North America, Inc., 715 F.3d 102, 109 (2d Cir. 2013)(confirming federal civil rights standards set a floor, not a ceiling, for analysis of claims under the New York City Human Rights Law and mandating construction "broadly in favor of discrimination plaintiffs"); See also, Kellman v. Metropolitan Transp. Authority, 2014 WL 1243698 (S.D.N.Y. Mar. 26, 2014)(citing Bennett v. Health Mgmt. Sys., Inc., 92 A.D.3d 29, 34, 936 N.Y.S.2d 112 (N.Y.App.Div.2011)(analysis must fulfill city law's "uniquely broad and remedial purposes, which go beyond those of counterpart state or federal civil rights laws").

As federal standards provide an appropriate threshold analysis for determination of the viability of the relevant state and city law claims in discrimination cases, this Court will treat Plaintiff's state and city law claims consistently with their federal counterparts. Consistent with this Court's ruling here, and for the reasons stated above, see supra, Defendants' motions to dismiss

Plaintiff's state and city law claims of sexual harassment, hostile work environment, and retaliation are DENIED. To the degree Plaintiff has not stated separate and distinct factual bases for her state and city law claims of gender discrimination, beyond her sexual harassment claims and the facts which support the harassment claims, Defendants' motions to dismiss Plaintiff's state and city law gender discrimination claims are GRANTED.

### III. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss is hereby GRANTED in part and DENIED in part. The parties shall proceed to discovery.


SO ORDERED

Dated: Brooklyn, New York
June 12, 2014          _____/s/_____

                                              Sterling Johnson, Jr., U.S.D.J.